UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                 Case No.: 12-33090-BKC-JKO

FTLL ROBOVAULT, LLC,

                                 Chapter 11

        Debtor.

_____/

## TRUSTEE'S MOTION FOR SANCTIONS AND CONTEMPT FOR DISREGARD OF ORDERS OF THIS COURT AND FOR INTENTIONAL INTERFERENCE WITH THE ADMINISTRATION OF THE BANKRUPTCY ESTATE OR ALTERNATIVELY FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY MARVIN CHANEY AND LAWRENCE WRENN, ESQ. SHOULD NOT BE HELD IN CONTEMPT OF COURT

Barry Mukamal, the duly appointed and acting Chapter 11 Trustee for the Debtor, by and through his undersigned counsel, requests that this Court enter an Order imposing sanctions and to hold Marvin Chaney ("Chaney") and his unauthorized counsel Lawrence Wrenn ("Wrenn") (whose representation of the Debtor has never been approved by the court) in contempt and/or alternatively for the entry of an order to show cause as to why Chaney and Wrenn should not be held in contempt, and in support thereof states as follows:

### PROCEDURAL HISTORY

1.     On September 27, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     This Court has institutional knowledge of the high comedy and absurd history of this case as created by Wrenn and Chaney and thus no recitation of the past history of the case is required here.

3.     This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §157(b) and 1334.

## SANCTIONABLE CONDUCT

4.      Wrenn and Chaney have embarked upon a calculated, strategic journey to wreak havoc on the administration of this estate-a case that they voluntarily initiated and then through incompetence or design, abandoned, leaving an enormous mess for the Trustee to sort through and resolve.

5.      As the docket of the Court will establish, Wrenn and Chaney have, among other things, filed a completely frivolous motion to remove the Trustee, in a continuing effort to harass the Trustee [See DE #79].[1] Chaney[2] and his counsel Wrenn[3] have purposefully disrupted the administration of the bankruptcy estate for their own inarticulate and seemingly inane purposes.

6.      This Court is well aware of the hysteria surrounding the historical sovereign bonds and the chaotic circumstances directly created by Chaney and Wrenn, with the concomitant negligence displayed by them in the operations of the overwhelming, financially viable majority of the business. In fact, this Court, on December 21, 2012, entered an order granting Trustee's Emergency Motion to Set Procedure for Bondholders to Retrieve Bonds ("Procedure Order") [DE #82].

7.      Pursuant to the Procedure Order paragraph (g), and after notice and a lengthy hearing, the Trustee had been "authorized to drill out the communal vaults and substitute the biometric authorization for the entry into the communal vault to the Trustee, his agents,

---

[1] On January 21, 2012, the Trustee issued a "safe harbor" letter to Wrenn pursuant to Fed. R. Bankr. P. 9011 and in the absence of the withdrawal of the spurious, vexatious motion, within the time limits established by the rules, the Motion for Sanctions will be filed. A true and correct copy of the safe harbor letter and the proposed 9011 Sanctions Motion are collectively annexed hereto and incorporated herein as Exhibit "A".

[2] Marvin Chaney, as the Court is aware, is the sole owner of the Debtor.

[3] It remains unclear whether Wrenn is even authorized to practice before this Court pursuant to local Rule 2090-1(A), despite requests by the Trustee for documentation which would evidence such authorization, all of which have been ignored by Wrenn. None of his pleadings contain the required certification.

representatives or professionals." Further, paragraph (h) provides, "Chaney and Wrenn are directed to *__fully cooperate__* with the Trustee regarding the change of biometrics for the communal vaults (emphasis added)." *Id.*

8.      Cooperation is a far cry, indeed, the antithesis, of what Chaney and Wrenn have subsequently provided the Trustee. Chaney and Wrenn's knowing and purposeful disregard and disobedience of the Procedure Order and the seriousness of these proceedings was made clear nearly immediately, when after having specifically committed to the Trustee that Chaney would appear at the premises and voluntarily surrender his biometric controls of the vault and after having made an appointment to do so; Chaney, instead, sent the Trustee a hand-written letter directly stating that he does not consent to the Trustee or his employees being on the premises.[4] This, despite the clear language in the Procedure Order authorizing the Trustee to be on the premises to continue the Debtor's operations including the orderly return of the bonds to their owners. The Procedure Order authorizes the Trustee to substitute the biometric authorization for the communal vault so that the historical bonds can readily *__and without the involvement of Chaney or Wrenn__* be returned to their rightful owners. See, letter attached hereto as Exhibit "B".

9.      Chaney and Wrenn's disobedience and mischief does not end with the letter; Chaney (or someone on his behalf) on two separate occasions called the Fort Lauderdale police department to report the (i) allegedly unauthorized opening of safe deposit boxes at the facility (in defiance of and notwithstanding the clear authorization in the order of this Court) and (ii) a robbery in progress. The police officers who responded on two separate occasions, after being presented with the Procedure Order were satisfied that the reports were fabrications and left the trumped-up crime scenes. See, emails attached hereto as composite Exhibit "C". It is astonishing

---

[4] Of note, Chaney also demanded that the Trustee vacate the Off Broward site as well. While this motion is filed in only the Robovault case, the Trustee reserves all of his rights in respect of the companion case as well.

that Chaney and Wrenn would seek to utilize local law enforcement authorities to end run the orders of this Court when the judicial system, and more particularly, this Court, has overtly, after notice and hearing at which Wrenn and Chaney were both present, granted the Trustee authorization to open the safe deposit boxes and the Bankruptcy Code clearly authorizes the Trustee to be present upon and operate the Debtor's business. The only explanation conceivable is that Chaney and Wrenn have personal vendettas to harass the Trustee and this Court and disrupt the administration of the estate at all costs. The shenanigans which define the behavior of Chaney and Wrenn are beginning to have a significant cost to this estate and to FARG, who at the moment is underwriting the expenses of operation. Unless a firm and unequivocal message is delivered to Chaney and Wrenn by this Court, in the form of substantial economic sanctions and/or confinement, these costs and distractions can only be calculated to increase geometrically. The Trustee also notes that with each false report to the municipal authorities, law enforcement officials are sent on a wild-goose chase, distracting them from their genuine obligations: to protect the public and costing the City of Fort Lauderdale valuable taxpayer dollars for nothing.

10.    As if the above were not enough, Chaney and Wrenn have caused to be sent to the Trustee blatantly illegitimate, unauthenticated and amateur documentation purporting to have emanated from the "Office of the Postmaster General of North America" claiming to have authority, derived directly from Pope Benedict XVI, to cause the Trustee (and this Court) to cease and desist in the administration of this estate in what is an absurd and pathetic attempt to intimidate the Trustee. The "Office of the Post Master General of North America" does not exists. Rather, this is the concoction of a convicted felon named James Thomas McBride, who appears to be a sovereign separatist who operates under the delusional believe that he derives some authority conferred directly from the Holy See in Vatican City. For an interesting view of

Mr. McBride's philosophies, please see http://www.youtube.com/watch?v=PhCZN-QCvIA. A review of the internet also discloses that Mr. McBride was a defendant in certain tax fraud litigation and that he employed the unusual defensive practice of placing the United States District Court judge and the federal prosecutor into involuntary bankruptcy proceedings. See, *U.S. v. McBride*, 362 F. 3d 360 (6th Cir. 2004). The hysteria, it seems, has turned to sheer madness.

11.     It seems antics of Chaney and Wrenn know no boundaries, are without fundamental filters, and they are relentless and determined to do everything and anything they can to disrupt the Trustee's administration of this estate and the lawful jurisdiction of this Court. Not even the imposition of sanctions has slowed Chaney's and Wrenn's antics [See DE #88]. Chaney and Wrenn simply ignored this Court's sanction award by failing to remit payment by the deadline set forth in the order.

12.     The continuous charades of Chaney and Wrenn have hindered the Trustee ability to administer the estate as a going concern. It has cost FARG significant funds and while it has raised fascinating, if not irrelevant issues, the resolution of these issues has been an absurd waste of the time of this Court and the Trustee's efforts to administer the assets of the case. This Court should grant the requested relief to alleviate the present and anticipated future headaches caused by Chaney and Wrenn and to put an end to the charades and calculated disruptions.

13.     The bankruptcy court's inherent power to sanction parties for interfering with the administration of the bankruptcy court and burdening the estate is well established. See, *Henkel v. Lickman (In re Lickman)*, 297 B.R. 162, 201 (Bankr. M.D. Fla. 2003) ("The court has the power to sanction for willful and intentional violations of its orders when the violations are made in bad faith." *Lickman*, 282 B.R. at 721, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 115

L. Ed. 2d 27, 111 S. Ct. 2123 (1991); *Glatter v. Mroz* (In re Mroz), 65 F.3d 1567, 1575 (11th Cir. 1995); *Lawrence v. Goldberg* (In re Lawrence), 279 F.3d 1294 (11th Cir. 2002); In re Graffy, 233 B.R. 894, 898 (Bankr. M.D. Fla. 1999)). See also, *In re Swofford*, 112 F. Supp. 893, 896 (D. Minn. 1952); *In re Miller*, 14 B.R. 443, 446-48 (Bankr. E.D.N.Y. 1981); *In re Emergency Beacon Corp.*, 52 B.R. 979, 987 (S.D.N.Y. 1985) and *In re Stage Door Development, Inc.*, 2009 U.S. Dist. LEXIS 130287 (M.D. Ala. 2009) (Bankruptcy Court reported recommendations to the United States District Court for imposition of criminal contempt based upon the disregard of lawful orders issued by the Bankruptcy Court). The Court has the clear power to hold Chaney and Wrenn responsible for their willful and intentional violations of its orders and disruptive actions which have interfered with this estate, when the actions are made in bad faith, as here. This Court should clearly and unambiguously send a message to Chaney and Wrenn that drives home without any measure of equivocation, the absolute necessity for them to comply fully with the orders of this Court, the provisions of the Bankruptcy Code, and the Trustee's administration of the estate, through meaningful monetary sanctions, incarceration for civil contempt, a possible referral to the District Court for criminal contempt or such other severe techniques that may be at the disposal of this Court, that will cause Chaney and Wrenn to recognize and respect the fact that:

(i)    They voluntarily invoked the jurisdiction of this Court;

(ii)   They failed to meet any of their obligations which resulted in the appointment of the Trustee;

(iii)  They have failed to comply with the lawful orders of this Court, including paying sanctions as ordered, and failing to cooperate with the Trustee;

(iv)   They have engaged in what from all appearances appears to be a fraud

perpetuated upon the estate through the use of the so-called "International Promissory Note", including the employment of wire fraud in its presentment;

(v)     They have failed to comply with the order of this Court to substitute the so-called "International Promissory Note" with a traditional wire transfer;

(vi)    They have concocted documentation from the imaginary "Office of the Post Master General of North America" in attempt to intimidate the Trustee and strip this Court of its jurisdiction;

(vii)   They have reduced the level of practice and decorum in this Court to circus level through their antics;

(viii)  They made demonstrably false reports to the Fort Lauderdale Police Department on at least two occasions requiring the diversion of public safety services from their important duties, at taxpayer expense in an attempt to end run the orders of this Court;

(ix)    They have caused the Trustee and FARG to expend or incur significant amounts of funds and energy to confront their antics; and

(x)     That there are significant, and meaningful economic and other consequences for undertaking the detailed actions that Chaney and Wrenn have chosen to pursue.

14.     For the reasons stated above severe, appropriate sanctions should be imposed against Chaney and Wrenn for the consequences generated from their shenanigans and both Chaney and Wrenn should be held in contempt and/or ordered to show cause why an order of contempt should not be entered.

WHEREFORE, Chapter 11 Trustee, Barry Mukamal, Trustee of FTLL ROBOVAULT, LLC, respectfully requests an Order (i) granting the instant motion in all respects, (ii) imposing

sanctions against Mr. Chaney and Mr. Wrenn in the amount of the Court deems just and proper; (iii) hold Mr. Chaney and Mr. Wrenn in contempt; (iv) and to show cause why an order of contempt should not be entered; and (v) granting such further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted,

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
*Counsel for the Trustee*
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (305) 379-3121
Facsimile: (954) 462-4300

By:___/s/ James H. Fierberg_____
          JAMES H. FIERBERG
          Florida Bar No.: 0050970
          CHRISTIAN SAVIO
          Florida Bar No.: 0084649

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via email and First Class U.S. Mail upon all parties entitled to notice on CM/ECF and the mailing matrix, and specifically to Lawrence Wrenn, Esq., 11616 S. Alpine Avenue, Palos Park, Illinois 60464-3009, larrywrenn@gmail.com on January 3, 2013.

<u>James H. Fierberg</u>
James H. Fierberg

J:\Wpdocs\5062 Mukamal-FTLL Robovault\Pleadings\Motions-Applications\Ch 11 Trustee's Motion For Sanctions.Docx

# RICE PUGATCH ROBINSON & SCHILLER, P.A.

101 NORTHEAST THIRD AVENUE, SUITE 1800
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 462-8000 / (305) 379-3121
FACSIMILE: (954) 462-4300 / (305) 379-4119

www.rprslaw.com

December 21, 2012

**VIA E-MAIL**(larrywrenn@gmail.com)**, FEDERAL EXPRESS
AND FIRST CLASS U.S. MAIL**
Lawrence Wrenn, Esq.
11616 S. Alpine Ave
Palos Park, Illinois 60464-3009

      Re:    In re: FTLL Robovault, LLC, Case No 12-33090-BKC-JKO
              In re: FTLSS, LLC, Case No. 12-33087-BKC-JKO

## DEMAND FOR WITHDRAWAL OF MOTION FOR CONTEMPT OF TRUSTEE AND MOTION FOR DISCHARGE OF TRUSTEE AND CLAIM FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. BANKR. P. 9011

Dear Mr. Wrenn:

      This letter is being provided to you as formal notice, pursuant to the matters herein, and Fed. R. Bankr. P. 9011, of our client, Barry Mukamal, Chapter 11 Trustee's demand that you immediately and forthwith withdraw your pending *Motion(s) For Contempt of Trustee and Motion for Discharge of Trustee* (D.E. 58 in case no 12-33087-JKO and D.E. 79 in case no. 12-33090-BKC-JKO) ("Motions"). This letter is being sent as formal notice of Mr. Mukamal's *Motion(s) for Sanctions* (copies attached hereto) which will be filed following 21 days after the issuance of this notice, unless, pursuant to Fed. R. Bankr. P. 9011, Mr. Mukamal's demands as set forth herein are complied with.

      The facts supporting this demand and the attached Sanctions Motions are as follows:

      1.     On or about September 27, 2012, the referenced cases were filed pursuant to voluntary Chapter 11 petitions filed by you.

      2.     As a result of your apparent unfamiliarity of standard bankruptcy procedures and your failure to follow the *United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* and other operative provisions of the Bankruptcy Code and Rules, your frivolous pleadings, your failure to be hired as Debtors' counsel by the Bankruptcy Court, your failure to make requisite disclosures, your failure to appear at scheduled section 341 meeting sand your client's failure to testify at scheduled Rule



Lawrence Wrenn, Esq.
December 21, 2012

2004 examinations at your instruction, and any number of other reasons calculated to hinder and derail the bankruptcy process, on or about November 29, 2012, the Court entered an order appointing a Chapter 11 Trustee (D.E. 39, Case No. 33087-JKO; D.E. 26, Case No. 33090-JKO) and thereafter, the Office of the United States Trustee appointed Barry Mukamal as Chapter 11 Trustee (D.E. 42, Case No. 12-33090-JKO; D.E. 48, Case No. 12-33087-JKO).

3.      The claims asserted in your Motions are frivolous beyond the pale. As a result of your and Mr. Chaney's efforts to hijack these proceedings once you utterly failed to undertake a single obligation required under even the most basic of bankruptcy process, your efforts to pay off the obligations owed by the Debtor to Florida Asset Resolution Group, LLC ("FARG") with an unrecognizable payment method, rather than via a simple wire transfer as would occur in prudent financial transactions of this magnitude, and in fact, to overpay that obligation by over $10 million dollars and to knowingly withhold from the Court and the Trustee critical documents which by your own admission at the December 17, 2012 hearing were executed by Robovault and are therefore property of the estate, all indicate that you have not undertaken a scintilla of diligence required before filing pleadings with the Court. Rather, you are just persisting in cranking out uninformed nonsense that requires the estates to incur substantial expense to address.

4.      Your pleadings are also infirm because they fail to contain the required certifications under Local Rule 2090-1(A) and you have never picked up the phone and sought to work out these issues without the need for court intervention before filing your frivolous pleadings. It is not clear whether you are even authorized to practice before the United States Bankruptcy Court for the Southern District of Florida as required under Local Rule 2090-1(A). My request for copies of your most recent 3 year record of CLE has gone unanswered.

5.      Your assertion that the Trustee has "rejected out of hand the business of the vault" is sheer nonsense. Legitimate, paying customers of the vault are transacting their business in the ordinary course and legitimate customers are being solicited for new business. The issue with the vault, as you well know, arises because of the "scheme" which Mr. Chaney and his compatriots have foisted upon the Debtor, whereby some 30,000 Historical Sovereign Bonds of little to no value, and which have been repudiated decades ago or longer by successor governments, have been permitted to be stored in the vault, without the payment of any fees and with a reckless disregard for the impact that the core business of the Debtor has suffered as Mr. Chaney and his fellows have pursued pixie dust.

6.      The Trustee has been and continues to undertake his obligations in a serious and sober manner, unlike you and Mr. Chaney during your period of control. On the other hand, your representations to the court have been evasive at best; purposely misleading at worst and you continue to deprive the Trustee access to documents that may have value to the estate.

RICE PUGATCH ROBINSON & SCHILLER, P.A.

Lawrence Wrenn, Esq.
December 21, 2012

     7.     Your standing is questionable at best. Now that the Trustee has been appointed, he is the lawful representative of the Debtor(s). You have never been authorized to act for the Debtors in any capacity either before the Trustee's appointment or after. You are a complete outsider to this process. Your use of the phrase "Comes Now the Debtor" is simply wrong. It is only the Trustee that can lay claim to bringing motions on behalf of the Debtors.

     8.     As a result of the endless stream of frivolous pleadings, your total disregard for court orders and procedures, the Trustee and the estate have incurred significant fees and costs. Your Motions are just the most recent example of the frivolity or sheer ignorance that you and Mr. Chaney constantly display.

     You and your client (who ever that may be, most likely Mr. Chaney) are thus charged with actual notice of the lodging of a frivolous claim in each case, as both you and your client knew or should have known that the Motions are not remotely appropriate under the law, and you have wholly failed to undertake any rational diligence before filing your Motions.

     As such, our firm has been directed to file and set for hearing, after the expiration of 21 days from the date of this notice, the attached *Motions for Sanctions* (attached hereto as Exhibits "A" and "B," respectively) and to seek attorneys' fees and costs from both you and from Mr. Chaney, if the demands set forth herein for immediate withdrawal of the Motions are not complied with within such 21 day period.

     Especially in light of the tenor of the December 17, 2012 hearings, the sanctions already imposed on you and Mr. Chaney, we trust that neither your firm nor your client will underestimate the seriousness of this matter.

                   Sincerely Yours,

                   James H. Fierberg
                   Counsel for Barry Mukamal, Chapter 11 Trustee

Enclosure

cc:    Barry Mukamal, Trustee    )
       Zana Scarlett, U.S. Trustee  ) via e-mail
       Michael Budwick, Esq.     )

J:\WPDocs\5062 Mukamal-FTLL RoboVault\Correspondence\Ltr Wrenn.docx

RICE PUGATCH ROBINSON & SCHILLER, P.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                    Chapter 11
                                          Case No. 12-33087-BKC-JKO
FTLSS, LLC,

        Debtor.
_____/

## TRUSTEE'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. BANKR. P. 9011

        Barry Mukamal, the duly appointed and acting Chapter 11 Trustee for the Debtor, by and

through his undersigned counsel, pursuant to Fed. R. Bankr. P. 9011, requests that this Court

enter an Order imposing sanctions against Lawrence Wrenn and Marvin Chaney, and in support

thereof states as follows:

        1.      This Chapter 11 case was filed on September 27, 2012 [DE #1].

        2.      The primary secured creditor, Florida Asset Resolution Group, LLC ("FARG")

filed, among other documents, a Motion to Convert or Dismiss the Case [DE #18], as well as a

Motion to Appoint a Trustee [DE #19]. FARG is believed to be owed tens of millions of dollars.

        3.      Similarly, the Office of the United States Trustee filed a Motion to Dismiss or

Convert the Case to a Case under Chapter 7 [DE #21].

        4.      On November 29, 2012, he Court entered an Order Granting Motion to Appoint

Trustee [DE #26].

        5.      On November 30, 2012, the Office of the United States Trustee filed a Notice

Appointing Barry Mukamal as Chapter 11 Trustee [DE #29].

        6.      On December 17, 2012, moments before this Court conducted a lengthy, multi-

hour hearing which directly involved the actions of Mr. Wrenn and Mr. Chaney, Mr. Wrenn filed

his *Motion for Contempt and Motion For Discharge of Trustee* (D.E. 58).[1]  This motion is a verbatim recitation of a similar motion filed in the related case of FTLL RoboVault, LLC, Case No. 12-33090-JKO.

    7.    This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §157(b) and 1334.

    8.    Plainly stated, the Motion is frivolous and was undertaken without a scintilla of diligence, as required under Fed. R. Bankr. P. 9011 and is nothing more than a continuing effort to harass the Trustee.

    9.    The essence of the Motion is the continuation of the frivolous arguments made to the Court on December 17, 2012 (and prior to that), that (i) the Trustee has failed to comply with his obligations, has not produced a list of creditors or assets (despite the fact that Mr. Cheney and Mr. Wrenn, both of whom operated out of the facility left the facility in an extraordinary state of disarray, made deals for "no fee" storage, assigned vault boxes to Mr. Chaney individually without paying for same,  have, through their incompetence, made the reconciliation of the financial affairs of the Debtor a nightmare (which the Trustee is working through); (ii) that the Trustee has rejected out of hand the business of the vault (when, in fact, legitimate paying customers of the vault are being provided access in the ordinary course and staff is now vigorously seeking new lessees for the boxes, at a stated rate of lease; (iii) that the Trustee has barred the hoard of non-paying bondholders under the chaotic circumstances directly created by Mr. Wrenn and Mr. Chaney, despite the best efforts of the Trustee to establish reasonable protocols for the true bondholders to remove their bonds from the premises so that the boxes can be leased to actual paying customers; (iv) has, through his agents, made unsubstantiated misrepresentations to  the bondholders or their agents, all without evidence; (v) has hindered the

---

[1] Despite having filed this motion at 2:21 p.m., some 9 minutes before the commencement of hearings that lasted over three hours, Mr. Wrenn failed to advise the Trustee or the Court of the hand-filing of the Motion which did not appear on the CM/ECF docket until December 18, 2012 at approximately 11:48 a.m.

operation of the vault by not falling for the pixie dust premise that  sovereign bonds issued by governments long since erased from the map of the world, whose successors have specifically and overtly repudiated the subject bonds decades ago; (vi) that the Trustee is representing only his interest, again unsubstantiated with a scintilla of evidence; (vii) has breached his fiduciary obligations in some unstated and illusory manner; (viii) has failed to file reports (despite the fact that Mr. Wrenn and Mr,. Chaney left the premises and the records in an abject state of chaos); and (ix) has failed to accept an unconventional method of payment of $40 million, despite the fact that the normal process in transactions of this size is to utilize a traditional wire transfer.[2]

10.    This case should not be confused with related case FTLL RoboVault, LLC (12-33090-JKO).  There are no biometrics in this case, no vaults and no bonds, notwithstanding the discussion of same in the Motion.

11.    Each and every one of the allegations in the Motion is frivolous, unsubstantiated and in large part inapplicable to this case.  This fact is further compelling evidence of the wholesale lack of diligence undertaken by Mr. Wrenn.

12.    Remarkably, Mr. Wrenn, whose own standing to appear before this Court is questionable[3] and who clearly has no authority to file pleadings on behalf of the Debtor, asks for the ultimate sanction, the removal of Mr. Mukamal as Trustee, which as this Court well-knows,

---

[2] When confronted with erroneous references to non-existent UCC references on the alleged draft, amazingly, Mr. Wrenn responded that the existence of scrivener's errors on the form draft did not invalidate the legitimacy of the tender, something any experienced commercial attorney would view as an enormous red-flag, especially when the particular UCC referenced is Mississippi, not generally known to be a world center of commerce. The red-flags of the invalidity of this tender are manifold. This Court gave Mr. Wrenn the opportunity to substitute the "draft" with a traditional wire transfer by 5:11 p.m. on Thursday, December 20, 2012, which he failed to do. Query: also why Mr. Wrenn would present a "draft" in an amount over $10 million greater than the amount required to payoff FARG?

[3] Mr. Wrenn has never sought nor has he ever been granted authority to serve as counsel for the Debtor. He has made no fee or disinterestedness disclosures. With the appointment of the Trustee, any first year bankruptcy lawyer would know that it is the Trustee and the Trustee alone who has authority to bring motions on behalf of the Debtor, and Mr. Wrenn has consistently failed to include in his pleadings the certification required under Local Rule 2090-1(A), and upon request of the undersigned for a copy of his three year CLE record, Mr. Wrenn has refused to produce same.

would result in the removal of Mr. Mukamal from the thousands of other cases that he is administering.

13.    Quite directly, Mr. Wrenn, from his pleadings and arguments in Court, and his behavior in respect of 341 meetings and 2004 examinations, simply does not appear to know what he is doing. He clearly executed pleadings filed with this Court without the required diligence required of bankruptcy attorneys and is simply a menace to these proceedings and in this case, merely photocopied the Motion and changed the cases style, despite a complete lack of similarity between the cases.

14.    The Trustee has fully complied with the requirements of Fed. R. Bankr. P. 9011, by sending the required form of Notice to Mr. Wrenn at least 21 days prior to the filing of this Motion. A true and correct copy of the notification is annexed hereto and incorporated herein as Exhibit "A."

15.    Despite this Notification and the expiry of the 21 day period, Mr. Wrenn has failed, refused and neglected to withdraw the offending pleading.

**WHEREFORE**, Barry Mukamal, Chapter 11 Trustee, respectfully requests that this Court enter an Order (i) granting the instant motion in all respects, (ii) imposing sanctions against Mr. Wrenn and Mr. Chaney in the amount of the attorneys' fees and costs incurred by the Trustee in defending against the Motion, (iii) finding that Mr. Wrenn is not qualified to practice before this Court and barring same; and (iv) for such other and further relief as this Court may deem just and proper.

4

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted,

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
*Counsel for the Trustee*
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (305) 379-3121
Facsimile: (954) 462-4300


By:_____
            JAMES H. FIERBERG
            Florida Bar No.: 0050970

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via email and First Class U.S. Mail upon all parties entitled to notice on CM/ECF and the mailing matrix, and specifically to Lawrence Wrenn, Esq., 11616 S. Alpine Avenue, Palos Park, Illinois 60464-3009, larrywrenn@gmail.com on January ____, 2013.


_____
James H. Fierberg

J:\WPDocs\5063 Mukamal-FTLSS\Pleadings\Pleadings\9011 Motion-33087.docx

## SERVICE LIST

Michael S Budwick on behalf of Interested Party Florida Asset Resolution Group, LLC
mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Hollie N Hawn on behalf of Creditor Broward County
hhawn@broward.org

John A. Moffa on behalf of Interested Party Nova Southeastern Univesity
john@trusteelawfirm.com,
atty_ellison@bluestylus.com;pat@trusteelawfirm.com,joel@trusteelawfirm.com,mark@trusteelawfirm.c
om,annmarie@trusteelawfirm.com,JohnAMoffa@gmail.com,Natasha@trusteelawfirm.com

Barry E Mukamal
bankruptcy@marcumllp.com, FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**12-33087-JKO Notice will not be electronically mailed to:**

Barry E. Mukamal
One S.E. Third Ave 10 Fl
Miami, FL 33131

Lawrence B. Wrenn on behalf of Debtor Ftlss LLC
3340 SE 6 Ave
Ft Lauderdale, FL 33316

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                    Chapter 11
                                          Case No. 12-33090-BKC-JKO
FTLL ROBOVAULT LLC,

        Debtor.
_____/

### TRUSTEE'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. BANKR. P. 9011

Barry Mukamal, the duly appointed and acting Chapter 11 Trustee for the Debtor, by and through his undersigned counsel, pursuant to Fed. R. Bankr. P. 9011, requests that this Court enter an Order imposing sanctions against Lawrence Wrenn and Marvin Chaney, and in support thereof states as follows:

1.      This Chapter 11 case was filed on September 27, 2012 [DE #1].

2.      The primary secured creditor, Florida Asset Resolution Group, LLC ("FARG") filed, among other documents, a Motion to Convert or Dismiss the Case [DE #21], as well as a Motion to Appoint a Trustee [DE #s 22 and 23]. FARG is believed to be owed tens of millions of dollars.

3.      Similarly, the Office of the United States Trustee filed a Motion to Dismiss or Convert the Case to a Case under Chapter 7 [DE #31].

4.      The Court entered an Order Granting Motion to Appoint Trustee [DE #39].

5.      On November 30, 2012, the Office of the United States Trustee filed a Notice Appointing Barry Mukamal as Chapter 11 Trustee [DE #42].

6.     On December 17, 2012, moments before this Court conducted a lengthy, multi-hour hearing which directly involved the actions of Mr. Wrenn and Mr. Chaney, Mr. Wrenn filed his *Motion for Contempt and Motion For Discharge of Trustee* (D.E. 79).[1]

7.     This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §157(b) and 1334.

8.     Plainly stated, the Motion is frivolous and was undertaken without a scintilla of diligence, as required under Fed. R. Bankr. P. 9011 and is nothing more than a continuing effort to harass the Trustee.

9.     The essence of the Motion is the continuation of the frivolous arguments made to the Court on December 17, 2012 (and prior to that), that (i) the Trustee has failed to comply with his obligations, has not produced a list of creditors or assets (despite the fact that Mr. Cheney and Mr. Wrenn, both of whom operated out of the facility left the facility in an extraordinary state of disarray, made deals for "no fee" storage, assigned vault boxes to Mr. Chaney individually without paying for same, have, through their incompetence, made the reconciliation of the financial affairs of the Debtor a nightmare (which the Trustee is working through); (ii) that the Trustee has rejected out of hand the business of the vault (when, in fact, legitimate paying customers of the vault are being provided access in the ordinary course and staff is now vigorously seeking new lessees for the boxes, at a stated rate of lease; (iii) that the Trustee has barred the hoard of non-paying bondholders under the chaotic circumstances directly created by Mr. Wrenn and Mr. Chaney, despite the best efforts of the Trustee to establish reasonable protocols for the true bondholders to remove their bonds from the premises so that the boxes can be leased to actual paying customers; (iv) has, through his agents, made unsubstantiated misrepresentations to the bondholders or their agents, all without evidence; (v) has hindered the

---

[1] Despite having filed this motion at 2:21 p.m., some 9 minutes before the commencement of hearings that lasted over three hours. Mr. Wrenn failed to advise the Trustee or the Court of the hand-filing of the Motion which did not appear on the CM/ECF docket until December 18, 2012 at approximately 11:48 a.m.

2

operation of the vault by not falling for the pixie dust premise that sovereign bonds issued by governments long since erased from the map of the world, whose successors have specifically and overtly repudiated the subject bonds decades ago; (vi) that the Trustee is representing only his interest, again unsubstantiated with a scintilla of evidence; (vii) has breached his fiduciary obligations in some unstated and illusory manner; (viii) has failed to file reports (despite the fact that Mr. Wrenn and Mr. Chaney left the premises and the records in an abject state of chaos); and (ix) has failed to accept an unconventional method of payment of $40 million, despite the fact that the normal process in transactions of this size is to utilize a traditional wire transfer.[2]

10.     Each and every one of the allegations in the Motion is frivolous and unsubstantiated.

11.     Remarkably, Mr. Wrenn, whose own standing to appear before this Court is questionable[3] and who clearly has no authority to file pleadings on behalf of the Debtor, asks for the ultimate sanction, the removal of Mr. Mukamal as Trustee, which as this Court well-knows, would result in the removal of Mr. Mukamal from the thousands of other cases that he is administering.

12.     Quite directly, Mr. Wrenn, from his pleadings and arguments in Court, and his behavior in respect of 341 meetings and 2004 examinations, simply does not appear to know

---

[2] When confronted with erroneous references to non-existent UCC references on the alleged draft, amazingly, Mr. Wrenn responded that the existence of scrivener's errors on the form draft did not invalidate the legitimacy of the tender, something any experienced commercial attorney would view as an enormous red-flag, especially when the particular UCC referenced is Mississippi, not generally known to be a world center of commerce. The red-flags of the invalidity of this tender are manifold. This Court gave Mr. Wrenn the opportunity to substitute the "draft" with a traditional wire transfer by 5:11 p.m. on Thursday, December 20, 2012, which he failed to do. Query: also why Mr. Wrenn would present a "draft" in an amount over $10 million greater than the amount required to payoff FARG?

[3] Mr. Wrenn has never sought nor has he ever been granted authority to serve as counsel for the Debtor. He has made no fee or disinterestedness disclosures. With the appointment of the Trustee, any first year bankruptcy lawyer would know that it is the Trustee and the Trustee alone who has authority to bring motions on behalf of the Debtor, and Mr. Wrenn has consistently failed to include in his pleadings the certification required under Local Rule 2090-1(A), and upon request of the undersigned for a copy of his three year CLE record, Mr. Wrenn has refused to produce same.

what he is doing. He clearly executed pleadings filed with this Court without the required diligence required of bankruptcy attorneys and is simply a menace to these proceedings.

13.     The Trustee has fully complied with the requirements of Fed. R. Bankr. P. 9011, by sending the required form of Notice to Mr. Wrenn at least 21 days prior to the filing of this Motion. A true and correct copy of the notification is annexed hereto and incorporated herein as Exhibit "A."

14.     Despite this Notification and the expiry of the 21 day period, Mr. Wrenn has failed, refused and neglected to withdraw the offending pleading.

**WHEREFORE**, Barry Mukamal, Chapter 11 Trustee, respectfully requests that this Court enter an Order (i) granting the instant motion in all respects, (ii) imposing sanctions against Mr. Wrenn and Mr. Chaney in the amount of the attorneys' fees and costs incurred by the Trustee in defending against the Motion, (iii) finding that Mr. Wrenn is not qualified to practice before this Court and barring same; and (iv) for such other and further relief as this Court may deem just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted,

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
*Counsel for the Trustee*
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, FL 33301
Telephone: (305) 379-3121
Facsimile: (954) 462-4300


By:_____
        JAMES H. FIERBERG
        Florida Bar No.: 0050970

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via email and First Class U.S. Mail upon all parties entitled to notice on CM/ECF and the mailing matrix, and specifically to Lawrence Wrenn, Esq., 11616 S. Alpine Avenue, Palos Park, Illinois 60464-3009, larrywrenn@gmail.com on January _____, 2013.

_____
James H. Fierberg

J:\WPDocs\5062 Mukamal-FTLL RoboVault\Pleadings\Motions-Applications\9011 Motion-33090.docx

## SERVICE LIST

Eyal Berger on behalf of Creditor Westfalia Technologies, Inc.
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Michael S Budwick on behalf of Interested Party Florida Asset Resolution Group, LLC
mbudwick@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Hollie N Hawn on behalf of Creditor Broward County
hhawn@broward.org

John A. Moffa on behalf of Interested Party Nova Southeastern University
john@trusteelawfirm.com,
atty_ellison@bluestylus.com;pat@trusteelawfirm.com,joel@trusteelawfirm.com,mark@trusteelawfirm.c
om,annmarie@trusteelawfirm.com,JohnAMoffa@gmail.com,Natasha@trusteelawfirm.com

Barry E Mukamal
bankruptcy@marcumllp.com, FL64@ecfcbis.com

Barry E. Mukamal
bankruptcy@marcumllp.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**12-33090-JKO Notice will not be electronically mailed to:**

Lawrence B. Wrenn on behalf of Debtor FTLL RoboVault LLC
3340 SE 6 Ave
Ft Lauderdale, FL 33316

December 21, 2012

Dear Mr Barry Mukamal:

I Marvin Thomas Chaney do not consent
to you or your employees being on the premises
of Robotkult or Off Broward and demand that you
vacate immediately. Further I do not consent
to your opening or drilling any of the safe deposit
boxes at Robotkult.

Marvin Thomas Chaney

**EXHIBIT**

"B"

**From:** Smith, Susan [mailto:Susan.Smith@marcumllp.com]
**Sent:** Thursday, December 27, 2012 6:11 PM
**To:** Mukamal, Barry E.; James Fierberg; Michael Budwick
**Subject:** FTLL Robovault

This is to inform you that Marvin Chaney called the police to report unauthorized opening of safe deposit boxes.

The officer was very nice and left after hearing that we had court orders to open the boxes. I offered copies of the Trustee's appointment and the DE82- the Order on Procedures to Return Bonds.

No additional action is needed with the Fort Lauderdale police, but we might need to consider additional action against Marvin Chaney.



*Susan M Smith Profile*
*Senior Manager*
Marcum LLP
450 E. Las Olas Blvd, Ninth Floor
Ft. Lauderdale, FL 33301
P: (954) 320-8169
C: (305) 968-9007
F: (954) 320-8001
Susan.Smith@marcumllp.com





All, I just received another visit from the police.



*Susan M Smith Profile*
*Senior Manager*
Marcum LLP
150 E. Las Olas Blvd, Ninth Floor
Ft. Lauderdale, FL 33301
P: (954) 320-8169
C: (305) 968-9007
F: (954) 320-8001
Susan.Smith@marcumllp.com

