

**ORDERED in the Southern District of Florida on January 18, 2013.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                                 Case No. 12-33090-BKC-JKO

FTLL ROBOVAULT, LLC,                                    Chapter 11

     Debtor,
_____/

**ORDER FINDING [1] LAWRENCE B. WRENN AND MARVIN T. CHANEY
IN CIVIL CONTEMPT OF THIS COURT AND [2] DIRECTING THEIR
APPREHENSION BY FEDERAL LAW ENFORCEMENT AGENCIES**

THIS CASE is before the Court on the Omnibus Order on Trustee's Motion For Sanctions and Show Cause Why Orders of Contempt Should Not Be Entered Against Marvin T. Chaney and Lawrence B. Wrenn (ECF No. 124) (the "Omnibus Order") entered on January 16, 2013 and the order entered on the record in open court on January 8, 2013.

At the hearing conducted on January 8, 2013 (the "January 8th hearing"), the Court heard arguments regarding the United States Trustee's Motion to Compel (ECF No. 89) ("UST's Motion"), the Trustee's Motion for Sanctions and Contempt for Disregard of Orders of this

Court and for Intentional Interference with the Administration of the Bankruptcy Estate or Alternatively For Entry of an Order to Show Cause Why Marvin Chaney and Lawrence Wrenn, Esq. Should Not Be Held in Contempt of Court (ECF No. 99) ("Trustee's Motion"), Florida Asset Resolution Group, LLC's ("FARG") Joinder in Trustee's Motion for Sanctions and Contempt (ECF No. 99) and FARG's Motion for Sanctions and Contempt (ECF No. 106) ("FARG Motion") (collectively, the "January 8th Motions"). The principal of the Debtor Marvin T. Chaney ("Chaney"), and counsel for the Debtor, Lawrence B. Wrenn ("Wrenn"), were both present at the January 8th hearing. The January 8th Motions addressed the outstanding issues and deficiencies as of that time in this case with regards to Chaney, Wrenn and the Debtor.[1] Chaney and Wrenn were placed under oath and testified during the proceeding and were given the full opportunity to be heard on all issues before the Court.

    At the conclusion of the January 8th hearing the Court reiterated all of the ways in which Chaney, Wrenn and the Debtor were in violation of the Court's orders and the applicable bankruptcy statutes. The Court orally entered an order directing Chaney and Wrenn to take specific actions by specific dates to correct these violations. The Court then scheduled a hearing to take place on January 17, 2013 at 9:30 a.m. in Courtroom 301 at 299 East Broward Blvd., Fort Lauderdale (the "January 17th Hearing"). Chaney and Wrenn were ordered to appear before the Court at the January 17 Hearing to show cause why they should not be held in contempt of this Court and why sanctions should not be entered against them. They were explicitly warned that if they failed to follow the Court's order or if they failed to appear at the next hearing, they would be found in civil contempt of this Court. Chaney and Wrenn were further warned that being found in contempt of this Court would very likely result in incarceration until such a time that the Court's orders were complied with.

---

[1] These collective issues are detailed in the Omnibus Order at ECF No. 124, pg. 2-5.

The Court's order entered on the record at the January 8th hearing was memorialized in writing in the Omnibus Order entered on January 16, 2013 (ECF No. 124). The Omnibus Order restated all of the actions that Chaney and Wrenn were required to take prior to the January 17th Hearing. The January 17th hearing took place as scheduled and neither Chaney nor Wrenn appeared and no counsel attended for either of them. This failure to appear directly violated both the Court order entered orally at the January 8th hearing and the Omnibus Order. Chaney and Wrenn were given ample notice and warning by the Court during the January 8th hearing that they were required to attend the January 17th hearing. Chaney and Wrenn were given notice again when the Omnibus Order was entered on January 16, 2013. Proper notification of the Omnibus Order was sent to both Chaney and Wrenn, as evidenced by the Certificate of Service filed by Trustee Barry Mukamal at ECF No. 125. At the January 17th hearing, counsel for the Trustee stated on the record that he had even taken the extra steps of emailing both Chaney and Wrenn to ensure that they knew the hearing was going forward as scheduled.

At the January 17th hearing the Court was given an update by counsel for the Trustee, counsel for FARG and the US Trustee's Office as to Chaney's and Wrenn's level of compliance with the Omnibus Order. The Omnibus Order directed that:

1.      Wrenn and Chaney were directed to deliver to counsel for the Trustee and FARG copies of all agreements by and between the Debtor and Martin Grant Acquisitions by 5:00 p.m. on Tuesday, January 8, 2013 (via email) along with all contact information for Otis Stallworth of Martin Grant Acquisitions. Based on the representations made to the Court on the record at the January 17th Hearing, the Court finds that that Chaney and Wrenn are not in complete compliance with this first section of the Omnibus Order. Counsel for the Trustee received only

one agreement between the Debtor and Martin Grant Acquisitions which he believes does not reflect the totality of the agreements between the two parties.

2.      Wrenn was directed to file a conforming affidavit pursuant to Fed. R. Bankr. P. 2014 by January 15, 2013, setting forth all of his connections and relationships with the Debtors, including his connection and relationship with any and all bondholders of "Historical Sovereignty Bonds"[2] whose bonds are on the Debtor's premises, with Martin Grant Acquisitions and with Jack Francis Guagliardo. Wrenn filed an affidavit (the "Affidavit") (ECF No. 127) with the Clerk of Court time stamped as received at 9:27 a.m. on January 17, 2013. This was three minutes before the January 17th Hearing began. In no way does the Affidavit conform to the requirements of Fed. R. Bankr. P. 2014. Instead, the Affidavit appears to be an attempt by Wrenn to disavow any connections with this case and the Court's jurisdiction. The Court read the Affidavit into the record and noted that Wrenn represented that he was out of the country[3] despite the fact that the Affidavit was signed and notarized in Florida on January 16, 2013 and was delivered as a paper copy to the Bankruptcy Clerk of Court on the morning of January 17, 2013.  The Court finds that Wrenn is not in compliance with this second section of the Omnibus Order.

3.      Wrenn was directed to produce to the Trustee and FARG on or before February 1, 2013 copies of all: (a) contracts to which he is a party that relate to any bond holders; (b) contracts to which he is a party that relate to Martin Grant Acqusitions; (c) contracts with any parties that relate to Wrenn's role as a "paymaster;" (d) communications between Wrenn and any bondholders; and (c) communications between Wrenn and Martin Grant Acquisitions.  Wrenn was given permission to provide an appropriate privilege log to the Trustee and FARG if he

---

[2] These Historical Sovereignty Bonds were issued primarily, if not solely, for railroad construction by Chinese, German and Mexican governments during the period of 1890-1920. All of them have repudiated by successor governments.
[3] See Affidavit of Wrenn at ECF No. 127.

believed any of the documents were confidential. Wrenn has until February 1, 2013 to comply with this third section of the Omnibus Order. As of the date of this order, Wrenn has taken no record action towards compliance.

4. Wrenn was directed to immediately disgorge to the Trustee the unauthorized $3,000 paid to him post-petition and to forward those funds to counsel for the Trustee. Counsel for the Trustee represented at the January 17th hearing that Wrenn never tendered the $3,000 payment. The Court finds that Wrenn is not in compliance with this fourth section of the Omnibus Order.

5. Chaney was directed to provide the Trustee, prior to the January 17th Hearing, with copies of all written communications (including e-mails) between himself and any bondholders (and/or their representatives) from the Chapter 11 petition date forward. Chaney was also to provide a copy of all written communications (including emails) between Chaney and representatives of Martin Grant Acquisitions. Neither the Court nor any of the parties present at the January 17th hearing have received any documents of this nature from Chaney. The Court finds that Chaney is not in compliance with this fifth section of the Omnibus Order.

6. Chaney and Wrenn were directed to obtain and produce by the hearing date a complete listing of the names and addresses and all other contact information of the owner of each bond that is stored on the premises of the Debtor. The bondholder names and addresses have not been given to the Court or any other party present at the January 17th hearing. Both Chaney and Wrenn are in noncompliance with this sixth section of the Omnibus Order.

7. To the extent that either Wrenn or Chaney communicated with any bondholders in any manner with respect to the timing of the removal of the bonds inconsistent with this Court's order entered on December 20, 2012 (ECF No. 82), they were ordered to cease and desist from

all such further communications and forward copies of all future communications received to the Trustee. Counsel for the Trustee stated at the January 17th hearing that both Chaney and Martin Grant Acquisitions appeared to be telling bondholders that a sale of their bonds (ostensibly for billions of dollars) was going to take place imminently and that they should leave their bonds at the Debtor's site. Counsel for the Trustee did not have written evidence that Chaney and Martin Grant Acquisitions were directing the bondholders to leave their bonds, but counsel did state that several bondholders have orally represented as much. Based on this representation, it appears that Chaney may be in violation with this seventh section of the Omnibus Order. Wrenn has admitted to representing bondholders as an agent[4] however no evidence has been provided that Wrenn communicated with any of his clients regarding the removal of the bonds in a way inconsistent with this Court's order.

8. Chaney was directed to appear at the premises of the Debtor before the close of business on Tuesday, January 8, 2013, to transfer over any and all of his biometric controls to the Trustee and his representative. The biometric controls were transferred within the necessary time.

9. The Order Granting the United States Trustee's Motion to Compel (ECF No. 116) required Chaney to file by January 15, 2013 all lists, statements and schedules required by Bankruptcy Rule 1007. Chaney was further directed to file by January 15, 2013 the debtor-in-possession monthly operating reports for September 2012, October 2012, and November 2012. As of the date of this order, Chaney has failed to file any of the lists, statements, schedules or reports required by the Order Granting the United States Trustee's Motion to Compel. The Court finds that Chaney failed to comply with the Court's Order Granting the United States Trustee's Motion to Compel.

---

[4] Affidavit of Lawrence Wrenn, ECF No. 127 at §3.

10. Chaney and Wrenn were to appear before the Court at the January 17th Hearing to address the request by the Trustee, FARG and Rice Pugatch Robinson & Schiller for the entry of an order imposing monetary sanctions against Chaney and Wrenn, holding them jointly and severally liable. The requested monetary sanctions arose out of time expended by each of the entities for having to deal with the situation at the Debtor's property regarding the Historical Sovereign Bonds and/or the Debtor's refusal to comply with their obligations imposed by the Bankruptcy Code, the Bankruptcy Rules or prior order of this Court. Chaney and Wrenn had full notice that the Court was going to hear arguments from all parties at the January 17th Hearing concerning the request for sanctions. The Court stated on the record at the January 8th Hearing that full arguments and a decision on the request for sanctions would not occur until the January 17th Hearing, in order to provide Chaney and Wrenn with time to prepare and articulate their defenses. No request for an extension of time was made by either. At the end of the January 8th Hearing Chaney began to address the Court regarding the topic of sanctions and the Court again advised Chaney that no determination on sanctions had been made at that time and would not be made until Chaney and Wrenn were given the full opportunity to be heard at the January 17th Hearing. The Court will rule on the request for sanctions by separate order.

Wrenn willfully failed to comply with sections 1,2,3,4,6 and 10 of the Omnibus Order and failed to comply with the Order Granting the United States Trustee's Motion to Compel. Chaney willfully failed to comply with sections 1,5,6 and 10 of the omnibus order, and failed to comply with the Order Granting the United States Trustee's Motion to Compel. Despite ample notice and reminders from counsel for the Trustee, both Chaney and Wrenn willfully failed to appear at the January 17th Hearing in clear violation of multiple orders of this Court. Accordingly, it is hereby **ORDERED:**

1. Marvin T. Chaney is hereby **held in civil contempt of this Court**.

2. Lawrence B. Wrenn is hereby **held in civil contempt of this Court**.

3. A Writ of Bodily Attachment Shall be entered by the Clerk of the Bankruptcy Court Directing the U.S. Marshal Service and all duly authorized law enforcement officers, agents and deputies (including U.S. Immigration and Customs Enforcement, U.S. Border Patrol, and any other authorized office of the U.S. Department of Homeland Security or the U.S. Department of Justice), to located, apprehend and bring before this Court each of (i) Marvin T. Chaney and (ii) Lawrence B. Wrenn and to hold each of them pending further order of this Court.

4. If to the extent that either Marvin T. Chaney or Lawrence B. Wrenn are located outside the Southern District of Florida and are apprehended or detained agencies other than the U.S. Marshal Service, then upon such apprehension or detention, Marvin T. Chaney or Lawrence B. Wrenn shall be transferred to the custody of the U.S. Marshal Service to abide by this order and the writs of bodily attachment separately entered by the Court.

5. Chaney and Wrenn may purge themselves of contempt by complying with the Omnibus Order and the Order Granting the United States Trustee's Motion to Compel.

###

Copy furnished to: All interested Parties including Lawrence B. Wrenn, Marvin T. Chaney, United States Marshal for the Southern District of Florida, Office of the United States Trustee